**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOE JAMAL JOHNSON, #L0499**                                              **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.  3:08-cv-448-WHB-LRA**

**CHRISTOPHER EPPS, GLORIA GIBBS,**
**RAVEN HENDERSON, and SHERRY ROBINSON**                          **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Johnson is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Christopher Epps, Commissioner of MDOC;  Gloria Gibbs, MDOC Records Department;  Raven Henderson, MDOC employee;  and Sherry Robinson, Director MDOC Records Department.  Upon liberal review of the complaint, the Court has reached the following conclusions.

<u>Background</u>

Plaintiff states that he completed serving a mandatory 18  month sentence of incarceration for escape on February 22, 2007.  Plaintiff states that on January 29, 2007, he was convicted of accessory after the fact and sentenced to serve 5 years in the custody of MDOC.

Plaintiff complains that his current sentence is being incorrectly calculated by MDOC.  Plaintiff states that MDOC records are inaccurate because they show that he is currently serving time for the escape conviction instead of the accessory after the fact conviction.

Plaintiff argues that you are not entitled to any type of sentence credits or early release when serving time for an escape conviction.  As a result, Plaintiff asserts that he is not entitled to sentence credits totaling 251 days and an earlier release from incarceration to the earned release supervision program, both of which he would be entitled to if his records were accurate.  As relief in this action, Plaintiff requests that the Court restore 251 days of earned time and enter an order directing MDOC to immediately process his early release paperwork.

<u>Analysis</u>

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or

maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

As a primary matter, this Court notes that Plaintiff's request for a Court order directing MDOC to credit his sentence with 251 days of earned time is not available under 42 U.S.C. § 1983.  *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(noting distinction between claims that must initially be pressed by writ of habeas corpus and those that may be brought pursuant to § 1983).  A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 conditions of confinement case.  *Id. (citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)).  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  If Plaintiff's claims are proven and this Court grants the requested relief, it would result in Plaintiff receiving an early release from custody.  Plaintiff must first pursue his request for an earlier release from custody by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).  Since Plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254.  Therefore, the Court will not liberally construe

this § 1983 complaint as a petition for habeas corpus relief but instead this case will be

dismissed.[1]

Conclusion

As discussed above, Plaintiff's request for restoration of sentence credits totaling 251

days and a Court order directing MDOC to immediately release him is habeas in nature and

not properly pursued under § 1983.  As such, this § 1983 action will be dismissed without

prejudice as to Plaintiff's habeas corpus claims and in all other respects with prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the 20th day of August, 2008.


s/William H. Barbour, Jr.
 UNITED STATES DISTRICT JUDGE

---

[1]The Court is not reaching any determination regarding the viability of Plaintiff's habeas claims, nonetheless the Court will direct the Clerk to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.